SALINA PLUMBING CO., Respondent, v. SAND CREEK
INDEPENDENT CONS. SCHOOL DIST. NO. 1,
Appellant.

(215 N. W. 529.)

(File No. 5811.    Opinion filed October 11, 1927.

**Appeal and Error—Trial Court's Findings and Conclusions Were Presumed Justified by Evidence and Sufficient to Support Judgment, in Absence of Evidence from Record.**

Where, upon appeal in a civil action, the appellant stated
that the appellee had recovered a judgment for a specified
amount ,but the record did not contain the findings of fact, the
conclusions of law, nor the evidence in any form, held that the
trial court's findings and conclusions will be presumed justified.
by the evidence and sufficient to support the judgment, in the
absence of a showing to the contrary.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 907(2), 4 C. J. Sec. 2665, 2719.

Appeal from Circuit Court, Beadle County; HON. M. MORIARTY, Judge.

Action by the Salina Plumbing Company against the Sand
Creek Independent Consolidated School District, No, 1, of Beadle
County.  Judgment for plaintiff, and defendant appeals.  Affirmed.

*Kelley & Markey,* of Huron,. for Appellant.

*Gardner & Churchill,* of Huron, and *Knittle & Knittle,* of
Salina, Kan., for Respondent.

POLLEY, J.  This is an appeal from a judgment of the circuit court of Beadle county.  Plaintiff had judgment, and defendant appeals.  We are asked to reverse the judgment, but the
record brought up by the appellant is too meager to enable us to
review any act or ruling of the trial court.

The case was tried by the court without a jury, and it is
stated by appellant that plaintiff recovered a judgment for a specified amount, but the record does not contain the findings of fact
nor the conclusions of law.  The record does not contain the evidence in any form.  It is not claimed that the facts are insufficient
to support the conclusions of law, nor that the conclusions of law
do not support the judgment.  It is not claimed that the court
erred in the admission or exclusion of evidence at the trial, nor

that the court erred in any ruling made in the course of the trial. It is stated in appellant's brief that the record was settled, but it does not appear whether there was a motion for a new trial.

What purports to be assignments of error are as follows:

"Specifications of Error. The court erred in specifications 1, 2, and 3 for the reason that, under the pleadings, in order to make Exhibits 1, 2, and 3 material and admissible, it was incumbent upon plaintiff to show that the action was commenced within 90 days after the completion of the building."

But Exhibits 1, 2, and 3 are not set out in the record, and there is nothing to show what they are or what they relate to. There is nothing in the record to show when the building was completed or when the action was commenced. For anything contained in the record, the action may have been commenced the day after the building was completed.

Again:

"As to specifications 4 and 5 they were wholly immaterial, as, under authority cited, the plaintiff could not base a claim on the original contract."

There is nothing what ever to show what these specifications are or what they relate to. To the same effect are other specifications to the total number of 26.

No attempt whatever has been made to comply with rules 4 and 5 of this court.

The judgment is set out in full in respondent's brief. It is regular in form, and, in the absence of the findings of fact and conclusions of law in the record, it is presumed by this court that the trial court made findings of fact and conclusions of law that are justified by the evidence, and that are sufficient to support the judgment.

This appeal is so utterly without merit that it could have been taken for no other purpose than to delay the plaintiff in the collection of its judgment, and the clerk will tax 10 per cent of the judgment against the appellant.

The judgment appealed from is affirmed.

CAMPBELL, P. J., and BURCH, J., concurring.

GATES AND SHERWOOD, JJ., not sitting.